UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRISTOPHER MICHAEL JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:19-cv-00010-JMS-MJD |
| | ) |
| DENNICK, | ) |
| | ) |
| Defendant. | ) |

**Entry Denying Plaintiff's Motion for Summary Judgment,
Granting Defendant's Cross-Motion for Summary Judgment, and
Directing Entry of Final Judgment**

Plaintiff Christopher Michael Johnson brings this civil rights action pursuant to 42 U.S.C. § 1983, alleging that defendant Corporal Joshua Deenik ("Cpl. Deenik")[1] violated his Fourteenth Amendment rights by inappropriately touching his genitals during a pat search.[2]

Presently pending before the Court are the parties' cross-motions for summary judgment. For the reasons explained in this Entry, Cpl. Deenik is entitled to summary judgment on Mr. Johnson's claim. Accordingly, Mr. Johnson's motion for summary judgment, dkt. [35], is **denied**, and Cpl. Deenik's motion for summary judgment, dkt. [43], is **granted**.

---

[1] Cpl. Deenik's surname is incorrectly spelled "Dennick" throughout Mr. Johnson's filings. The clerk **is directed** to update the caption to reflect the correct spelling of Cpl. Deenik's surname.

[2] The Screening Order of January 9, 2019, dkt. [5], mistakenly characterizes Mr. Johnson's § 1983 claim as one implicating the Fourth Amendment, and Cpl. Deenik devotes a portion of his response brief to arguing that Mr. Johnson cannot prevail on a Fourth Amendment claim. *See* dkt. 46 at 8-10. In this case, Mr. Johnson's claim arose while he was a pretrial detainee, and thus the Fourteenth Amendment applies. *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015); *Holloway v. Delaware Cnty. Sheriff*, 700 F.3d 1063, 1068 (7th Cir. 2012). Therefore, the Court need not consider Cpl. Deenik's arguments concerning the Fourth Amendment.

# I.
# Summary Judgment Standard

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). On summary judgment, a party must show the Court what evidence it has that would convince a trier of fact to accept its version of the events. *Gekas v. Vasilades*, 814 F.3d 890, 896 (7th Cir. 2016). The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). To survive a motion for summary judgment, the non-moving party must set forth specific, admissible evidence showing that there is a material issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Valenti v. Lawson*, 889 F.3d 427, 429 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and need not "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion before them. *Grant v. Tr. of Ind. Univ.*, 870 F.3d 562, 573-74 (7th Cir. 2017).

The existence of cross-motions for summary judgment does not imply that there are no genuine issues of material fact. *R.J. Corman Derailment Servs., LLC v. Int'l Union of Operating Engineers, Local Union 150, AFL-CIO*, 335 F.3d 643, 647 (7th Cir. 2003). The Court will consider each party's motion individually to determine whether that party has satisfied the summary judgment standard. *Blow v. Bijora, Inc.*, 855 F.3d 793, 797 (7th Cir. 2017) (citing *Celotex*, 477 U.S. at 324).

## II.
## Factual Background

The facts supported by admissible evidence and viewed in the light most favorable to the non-moving party are as follows. On November 7, 2018, Mr. Johnson was housed at the Marion County Jail in cellblock 2L. Dkt. 44-2 at 4; dkt. 44-1 at 9. That day, Mr. Johnson was scheduled to be transported to Eskenazi Hospital for a specialist appointment with an orthopedic surgeon. Dkt. 44-1 at 6-7. Inmates at the Marion County Jail are required to be searched before leaving their cell block. Dkt. 44-2 at 4; dkt. 35-2 at 4. These searches are performed primarily to control the introduction and possession of contraband within the facility. Dkt. 44-2 at 2. Because Mr. Johnson was classified a high-risk inmate, specifically an "Officer Safety Risk," a member of the Critical Emergency Response Team ("CERT Team"), Cpl. Deenik, was called to perform a clothed pat search of Mr. Johnson prior to his transport to Eskenazi Hospital. Dkt. 44-2 at 3-4.

Corporal Deenik began working with the Marion County Sheriff's Office ("MCSO") in 2012 at the Arrestee Processing Center ("APC"). Dkt. 44-2 at 1. In 2015, Cpl. Deenik was promoted from Deputy to Corporal, became a member of the CERT Team, and began working at the Marion County Jail. *Id*. Throughout his tenure with the MCSO, Cpl. Deenik has performed numerous pat searches on inmates in his positions at the APC and Marion County Jail. *Id*. at 1-2. Cpl. Deenik performs these searches pursuant to the technique he was taught at the Marion County Sherriff's Academy ("the Academy") and the Marion County Jail Policy. *Id*. at 2.

The pat search technique Cpl. Deenik learned at the Academy requires the searching of private areas, including the groin and buttocks, because leaving these areas unexamined would create a safety risk. Dkt. 44-2 at 3. Per the training Cpl. Deenik received at the Academy, the proper technique for the shape of the hand in a pat search is to extend the fingers straight, rest the thumb on top, and use the palm side of the hand. *Id*. To search the groin area, the technique taught

3

by the Academy is to use the thumb-side edge of the hand to check the top of the leg at the crotch. *Id*. To search the center of the crotch and buttocks area, the technique taught by the Academy is to place the back of the hand at the center of the crotch and buttocks area. *Id*.

During his search of Mr. Johnson, Cpl. Deenik used the pat search technique he was taught at the Academy. *Id*. at 4. At all times, Mr. Johnson remained fully clothed. Dkt. 44-2 at 2; dkt. 44-1 at 10. During the search, Cpl. Deenik instructed Mr. Johnson to hold onto the bars on the outside of his cell, facing away from him, while the search was performed. Dkt. 44-1 at 7. The search occurred in the walkway outside of Mr. Johnson's cell and out of view of the other inmates, who were all locked in their cells. *Id*. at 9; dkt. 44-2 at 4. While Cpl. Deenik was pat searching Johnson, he had one hand one the inner part of the leg, and one hand on the outer part of the leg, with his fingers extended and thumb on top of the extended fingers. Dkt. 44-1 at 10-11; dkt. 44-2 at 3-4.

As Cpl. Deenik searched Mr. Johnson's legs and groin, the edge of Cpl. Deenik's hand, specifically the top part of his thumb and index finger, rubbed against Mr. Johnson's testicles. Dkt. 44-1 at 6-7; dkt. 44-2 at 4. When that occurred, Mr. Johnson told Cpl. Deenik that he "should not be doing that." Dkt. 44-1 at 7. In response, Cpl. Deenik stated, "You don't know who or what I am. If I want to right now I will strip search you." *Id*. When Mr. Johnson objected to being touched in the groin, Cpl. Deenik became suspicious because the groin is a common place where inmates conceal contraband. Dkt. 44-2 at 4. Cpl. Deenik touched Mr. Johnson's testicles a second time while searching Johnson's other leg. Dkt. 44-1 at 7. Mr. Johnson experienced the search of his second leg to be "rather rough" and thought Cpl. Deenik was trying to "provoke" him or give him reason to physically assault him. *Id*.

4

Cpl. Deenik then searched Mr. Johnson's center groin and buttocks area with the back of his hand. *Id*; dkt. 44-2 at 4. When Cpl. Deenik searched this area, Johnson felt Cpl. Deenik's hand between his "butt cheeks," dkt. 44-1 at 12, "for a few seconds," *id*. at 15. The entire pat search lasted approximately two minutes. *Id*. at 10.

## III.
## Cpl. Deenik's Motion for Summary Judgment

In his brief, Cpl. Deenik argues that he is entitled to judgment as a matter of law on Mr. Johnson's claim because the undisputed evidence shows that no constitutional violation occurred. He further argues that even if a constitutional violation did occur, he is entitled to qualified immunity. The Court will address each argument in turn.

### A. Excessive Force Claim Under the Fourteenth Amendment

Because Mr. Johnson was a pretrial detainee at the Marion County Jail at all times relevant to this action, the Fourteenth Amendment governs his claim. *See Kingsley*, 576 U.S. at 398. To prevail on an excessive force claim under the Fourteenth Amendment, a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable to prevail on an excessive force claim. *Id.*; *see also Williams v. Indianapolis Metro. Police Dep't*, 2019 WL 2744704, at *3 (S.D. Ind. July 1, 2019). Subjective intent need not be proven. *Kingsley*, 576 U.S. at 398. A pretrial detainee can prevail by providing objective evidence that the challenged governmental action is not "rationally related to a legitimate, nonpunitive governmental purpose" or that it is "excessive in relation to that purpose." *Id.*; *see also Hardesty v. Kinderman*, 2020 WL 4472996, at *2 (S.D. Ind. Aug. 4, 2020).

In the context of pat searches, the Seventh Circuit has held that the government's need to search inmates thoroughly for contraband constitutes a legitimate governmental objective for "brief contact with the genital area over clothing." *Gillis v. Pollard*, 554 F. App'x 502, 506 (7th

5

Cir. 2014). Therefore, to establish that a constitutional violation occurred during the pat search Cp. Deenik performed, Mr. Johnson must do more than show that Cpl. Deenik made brief contact with his private areas. *Gillis*, 554 F. App'x at 506. Rather, Mr. Johnson must show that the touching was either not rationally related to the legitimate, non-punitive purpose of searching for contraband or was excessive in relation to that purpose.[3] *Kingsley*, 576 U.S. at 398.

Here, the undisputed record shows that the purpose of Cpl. Deenik's pat search of Mr. Johnson was to comply with the Marion County Jail's policy that inmates be searched for contraband prior to leaving their cell block. Dkt. 44-2 at 4; dkt. 35-2 at 4. Furthermore, the undisputed evidence shows that Cpl. Deenik touching of Mr. Johnson's genitals and buttocks lasted no more than "a few seconds" and was performed according to Cpl. Deenik's training at the Academy. Dkt. 44-1 at 11, 15; dkt. 44-2 at 3-5. In his response brief, Mr. Johnson attempts to create an issue of fact with respect to the part of the hand Cpl. Deenik used during the pat search. *See* dkt. 47 at 3, 4 (asserting that Cpl. Deenik touched used the "palm side" of his hand with his thumb "extended up"). However, his assertions not only contradict his own deposition testimony, *see* dkt. 44-1 at 11, 15, but are unsupported by citations to admissible evidence, as is required of him at this stage. *See* Fed. R. Civ. P. 56(e); Local Rule 56-1(e) and (h).

Under these circumstances, there is no evidence from which a reasonable jury could conclude that Cpl. Deenik's actions were objectively unreasonable. Because there is no admissible

---

[3] Throughout his briefs, Cpl. Deenik cites to *Washington v. Hively*, 695 F.3d 641 (7th Cir. 2012) for the proposition that no constitutional violation can be found to have occurred absent a showing that Cpl. Deenik intended to harass or humiliate Mr. Johnson or derived sexual pleasure from touching Mr. Johnson's private parts. *See* dkt. 46 at 10-11; dkt. 51 at 3. Cpl. Deenik's reliance on *Washington* is misplaced. As the United States Supreme Court made clear in *Kingsley*, 576 U.S. at 398, a pretrial detainee need not show any such subjective intent to establish a claim under the Fourteenth Amendment. Accordingly, the Court finds Cpl. Deenik's arguments on this ground unavailing.

evidence showing that Cpl. Deenik touched Mr. Johnson in a manner that was not rationally related to a legitimate governmental objective or was excessive in relation to that objective, Cpl. Deenik is entitled to judgment as a matter of law. *Kingsley*, 576 U.S. at 398. Therefore, the Court **grants** his motion for summary judgment, dkt. [43].

### B. Qualified Immunity Defense

Cpl. Deenik also argues that to the extent Mr. Johnson's constitutional rights were violated, he is entitled to qualified immunity. Dkt. 46 at 12-14; 51 at 1-3. Qualified immunity protects government officials from liability for civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009); *see also Burritt v. Ditlefsen*, 807 F.3d 239, 249 (7th Cir. 2015). Analysis of the qualified immunity defense requires a consideration of: (1) whether the plaintiff's constitutional rights were violated and (2) whether the rights were clearly established at the time. *Saucier v. Katz*, 533 U.S. 194, 201-02 (2001).

For the reasons addressed above, however, there was no constitutional violation, *see Jackson v. Parker*, 627 F.3d 634, 635 (7th Cir. 2010); *Suarez v. Town of Ogden Dunes*, 581 F.3d 591, 595 (7th Cir. 2009), so a qualified immunity defense is not necessary. *Much v. Vill. of Oak Brook*, 650 F.3d 1053, 1057-58 (7th Cir. 2011). Accordingly, the Court need not reach Cpl. Deenik's arguments concerning this defense.

## IV.
## Mr. Johnson's Motion for Summary Judgment

Mr. Johnson's summary judgment motion, dkt. [35], must be denied because he has not shown that he is entitled to judgment as a matter of law, and the disputes of fact he attempts to create in his response and reply briefs are not supported by citations to admissible evidence. *See* Fed. R. Civ. P. 56(e); Local Rule 56-1(e) and (h). As explained above, Mr. Johnson has not

7

established that he suffered a constitutional violation as a result of the pat search performed by Cpl. Deenik. Furthermore, Mr. Johnson has not offered any admissible evidence to rebut the evidence offered by Cpl. Deenik in support of his cross-motion for summary judgment. *See generally*, dkts. 47, 48 (offering unsworn factual assertions).

In short, for all the same reasons that Cpl. Deenik is entitled to summary judgment, Mr. Johnson is not. Accordingly, Mr. Johnson's motion for summary judgment, dkt. [35], is **denied**.

## V.
## Conclusion

For the reasons stated above, the plaintiff's motion for summary judgment, dkt. [35] is **denied**, and defendant's motion for summary judgment, dkt. [43], is **granted**. Final judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 9/28/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

CHRISTOPHER MICHAEL JOHNSON
795224
MARION COUNTY JAIL
MARION COUNTY JAIL
Inmate Mail/Parcels
40 South Alabama Street
Indianapolis, IN 46204

Andrew Scheil
OFFICE OF CORPORATION COUNSEL
Andrew.Scheil@indy.gov

8

Adam Scott Willfond
OFFICE OF CORPORATION COUNSEL
adam.willfond@indy.gov